PER CURIAM.
The defendant, Roberto Rodriguez, appeals the denial of his motion to suppress his confession and his conviction and sentence for burglary of an unoccupied structure, grand theft, and criminal mischief. As the primary issue regarding the motion to suppress was previously addressed by this Court (the trial court ruling was affirmed per curiam in Rodriguez v. State, No. 3D10-1968, 2011 WL 6823964, 2011 *406 Fla.App. LEXIS 20611 (Fla. 3d DCA Dec. 28, 2011)), we address only Rodriguez’s second issue. Rodriguez argues that a new trial is required because the trial court reversibly erred in overruling duly preserved objections to improper State bolstering of a key police officer’s testimony. We find this argument well taken, and we reverse the conviction and sentence and remand the case for that reason.
The detective who elicited the confession from Rodriguez, and whose testimony at trial was clearly critical, was asked during cross-examination:
Q. Your station has cameras that you can take photographs of suspects, right?
A. My camera, yes. Do I use it to take that picture, yes.
Q. You didn’t take any pictures?
A. I didn’t take any pictures.
Q. So we just take your word on it?
A. Yes.
At the conclusion of the detective’s testimony, the following series of questions and answers occurred between the prosecutor and witness:
Q. Detective, would you put your career on the line for this case.
[Defense Counsel]: Objection, improper bolstering.
The Court: Overruled.
Q. Would you?
A. I would not.
Q. Would you lie?
A. No.
Q. Would you risk going to jail for perjury in order to arrest this person?
A. No or anybody else.
Q. No further questions.
In closing argument, the defense argued:
Trust us. That is what the government and [the detective] wants you to do today.
... They just want you to believe what [the detective] said on the stand, something that occurred over a year ago.
[[Image here]]
The State brings you two pictures, one that says Subways on the top and a picture of a broken glass. They don’t tell you what the inside looks like. They don’t bring you a picture of the register, nothing. Trust us. We are just going to bring you the [bare] minimum and that’s going to be enough, because they just want you, want you to trust them.
Additionally, the defense argued that the detective “conveniently” arrested Rodriguez solely for the purpose of closing a case.
In closing argument, one prosecutor stated:
[The detective] didn’t even think when they responded that it would be this defendant and later on he meets with the defendant and the defendant confesses these things. [The detective] does not have a vendetta against this man. He doesn’t want to see this man in prison. He doesn’t want to see this man get hurt. He has no reason to put his job on the line. He told you that.
The defense again objected to improper bolstering, and the objection was again overruled. The prosecutor concluded, “And he has no reason to perjure himself today for — .” The defense objected and the objection was again overruled. In rebuttal closing, a different prosecutor stated: “This detective has no reason to lie to you, ladies and gentlemen. He testified that he would not perjure himself.” The defense objected again and the objection *407 was overruled again. The prosecutor continued, “ — that he wouldn’t perjure himself. That he doesn’t have anything against this man.” Later, the prosecutor said, about the same detective, “Yes, he wants you to trust him because he is trustworthy. There is no reason for him to lie to you. He told you that. You could judge his credibility.”
We and other Florida appellate courts have left no doubt that ham-handed efforts at bolstering — “would you lie under oath to send this defendant to jail?” and questions and arguments to similar effect — are “patently improper and violative of the rules of professional conduct.” Fryer v. State, 693 So.2d 1046, 1047 (Fla. 3d DCA 1997). In this case, as in Fryer, the “invited reply” rule is unavailing. On this record, the improper bolstering was not harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The conviction and sentence are therefore reversed, and the case is remanded to the trial court for a new trial.